UNITED STATES *v.* RICE, DISTRICT JUDGE.

No. 411. Argued February 5, 1946.—Decided April 22, 1946.

*Marvin J. Sonosky* argued the cause for the United States. With him on the brief were *Solicitor General McGrath* and *J. Edward Williams.*

*Alfred Stevenson* argued the cause for Judge Rice. With him on the brief was *W. T. Anglin.*

Opinion of the Court by MR. CHIEF JUSTICE STONE, announced by MR. JUSTICE BLACK.

In this case the Court of Appeals for the Tenth Circuit, acting under § 239 of the Judicial Code, 28 U. S. C. § 346, has certified a question of law upon which it desires the instruction of this Court for the proper decision of the cause. The question is whether that court may, by mandamus, review the judgment of the District Court for Eastern Oklahoma ordering the remand of a proceeding to the County Court of Okfuskee County, Oklahoma, from which it had been previously removed to the district court pursuant to § 3 of the Act of April 12, 1926, c. 115, 44 Stat. 239.

The certificate shows that proceedings were begun in the county court by a petition for administration on the estate of Peter Micco, a restricted Indian member of the Five Civilized Tribes in Oklahoma. The county court granted the petition, and appointed administrators. Section 3 of the Act of April 12, 1926, provides that a party to a suit "in the State courts of Oklahoma to which a re-

stricted member of the Five Civilized Tribes in Oklahoma, or the restricted heirs. or grantees of such Indian are parties, . . . and claiming or entitled to claim title to or an interest in lands allotted to a citizen of the Five Civilized Tribes or the proceeds, issues, rents, and profits derived from the same, may serve written notice of the pendency of such suit upon the Superintendent for the Five Civilized Tribes". The United States is afforded a specified time after notice is given to appear in the suit, and after such appearance, or the expiration of the time specified, it is provided that "the proceedings and judgment in said cause shall bind the United States and the parties thereto to the same extent as though no Indian land or question were involved." The Act further provides that

"the United States may be, and hereby is, given the right to remove any such suit pending in a State court to the United States district court by filing in such suit in the State court a petition for the removal of such suit into the said United States district court, to be held in the district where such suit is pending, together with the certified copy of the pleadings in such suit . . . It shall then be the duty of the State court to accept such petition and proceed no further in said suit. The said copy shall be entered in the said district court of the United States . . . and the defendants and intervenors in said suit shall within twenty days thereafter plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in said district court, and such court is hereby given jurisdiction to hear and determine said suit, and its judgment may be reviewed by certiorari, appeal, or writ of error in like manner as if the suit had been originally brought in said district court."

Following the service upon the Superintendent of the Five Civilized Tribes of notice of the pendency of the suit in the county court, the United States timely filed its

petition in that court for an order of removal, alleging that the proceeding was instituted to obtain the appointment of an administrator for the estate of a three-fourths blood Seminole Indian; that a portion of said estate, comprising real and personal property, is restricted under the laws of the United States; that title to and interests in restricted land are involved; that the heirs at law of Micco are restricted Indians and wards of the United States.

Thereupon the county court made its order of removal, and a transcript of the proceedings was filed in the district court. The United States then filed its complaint in intervention in the district court, praying a determination of the heirs of Peter Micco, and of the specific parts of decedent's property which are restricted and subject to the supervision of the Secretary of the Interior. On motion of the administrators appointed by the county court, the district court entered an order dismissing the complaint in intervention without prejudice, and remanding the proceeding to the county court for want of jurisdiction in the district court. *In re Micco's Estate,* 59 F. Supp. 434. The United States thereupon instituted this proceeding in the circuit court of appeals by a petition for writ of mandamus, to direct the district court to vacate its judgment dismissing the Government's petition for intervention and remanding the proceeding.

The certificate of the circuit court of appeals, after stating that the court is equally divided on two questions, first, whether the judgment of remand is reviewable by mandamus, and, second, whether the proceeding was removable under the provisions of the Act of 1926, certified a single question for our consideration, as follows: "May this court, by mandamus, review the judgment of the United States District Court for the Eastern District of Oklahoma ordering the remand of the proceeding to the County Court of Okfuskee County, Oklahoma?" The

certificate further requested this Court to exercise its authority under § 239 of the Judicial Code, "to require the entire record in the cause to be sent up for its consideration and that it decide the whole matter in controversy." The Government has made a motion to like effect.

In considering these requests, it is to be noted that the only matter pending in the court below to which the certified question relates is the application filed in that court for mandamus, on which the court has not acted. There is consequently no order or judgment in the case which can be brought before this Court by appeal. The practice established by statute, 28 U. S. C. § 346, of answering questions certified to this Court, or in some such cases, of deciding the entire controversy on the whole record, is plainly not within our original jurisdiction. As far as it is within our appellate jurisdiction, our authority is defined wholly by the statute, which provides that, upon the presentation of the certificate, this Court "may require that the entire record in the cause be sent up for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been brought [here] by writ of error or appeal." But the only manner in which we, as an appellate court, can decide a controversy brought here by writ of error or appeal is by affirming, reversing or modifying the order or judgment before us for review. It may be doubted whether the statute contemplates our going beyond the certified question, to decide a case or controversy not within our original jurisdiction, and which, since no inferior court has decided it, could not be brought here on appeal. But we need not resolve the doubt as to our power here, for as will presently appear, the answer which we give to the question certified is dispositive of the whole case before the circuit court of appeals, making it unnecessary to express an opinion on any other issue which the record might present, or to order the record to be filed here.

The Act of 1926, under which the cause, *In re Micco's Estate,* was removed from the Oklahoma county court, contains no provisions respecting remand or any mode of review of an order of remand. But its provisions must be read with those provisions governing removal of suits from state courts to federal district courts, and their remand, appearing in § 2 of the Judiciary Act of March 3, 1887 (24 Stat. 552, reenacted to correct errors in enrollment, August 13, 1888, 25 Stat. 433, and again reenacted and amended March 3, 1911, 36 Stat. 1094, as § 28 of the Judicial Code, 28 U. S. C. § 71), and in § 37 of the Judicial Code, 28 U. S. C. § 80. Section 80 authorizes remand of "any suit" removed from a state court to a district court where the latter finds that it is without jurisdiction. Section 2 of the Act of 1887 provided for the removal of diversity suits from state courts to federal circuit courts, now district courts, and, as corrected in 1888, contained a separate paragraph, in terms relating to "any cause" removed from a state court into a circuit court. This paragraph read:

> "Whenever any cause shall be removed from any State court into any circuit court of the United States, and the circuit court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the circuit court so remanding such cause shall be allowed."

Before the Judiciary Act of March 3, 1875, 18 Stat. 470, 472, an order of remand was deemed to be not reviewable by appeal or writ of error because the order was not final. *Railroad Co.* v. *Wiswall,* 23 Wall. 507; *In re Pennsylvania Co.,* 137 U. S. 451. But § 5 of the Act of 1875 expressly authorized the review of an order of remand by appeal or writ of error "in any suit" removed from a state court. This provision was repealed by § 6 of the Act of 1887, *supra,* and to make doubly certain, § 2, *supra,* specifically

prohibited appeals, with the added direction that the order of remand should "be immediately carried into execution". It thus appears that when the Act of 1926 was passed, the practice in removal cases was, as it had been established from the beginning, save for a brief interval under § 5 of the Act of 1875, that an order of remand was not appealable, and it is also clear that in 1926, as for forty years before, § 2 of the Act of 1887 required the remand of "any" removed cause to "be immediately carried into execution".

The enactment of § 3 of the 1926 Act, without more, did not confer upon the Government any right of appeal from an order remanding a cause removed under that Act. We cannot say that under the Act of 1926, standing alone, the right of appeal from an order of remand stands on any different footing than it did under any other statute authorizing removal before the enactment of the 1875 Act, or that the order of remand is any less final in the case of the Government than in the case of an individual. Each loses, by the order, such right as there may be to litigate the case in the federal courts on removal, but both retain such rights as they may have to continue the litigation in the state court or to bring an independent suit in the federal courts. To whatever extent the Government may be excluded from the operation of a statute in which it is not named, cf. *United States* v. *Stevenson*, 215 U. S. 190, 197 with *United States* v. *California*, 297 U. S. 175, 186, it is clear that the United States can not assert, by virtue of its sovereignty, a right of appeal which no statute has conferred, or which, if conferred, has been abolished. Not only was no such right of appeal conferred by the Act of 1926, but, we think, as will presently appear, that the provisions of § 2 of the Act of 1887, denying an appeal from an order remanding a case removed under the Act of 1926, denied the right to review by mandamus as well.

Before the enactment of the Act of 1875 it had been suggested that although orders of remand were not ap-

pealable, because non-final, they might be reviewed by mandamus. *Railroad Co.* v. *Wiswall,* 23 Wall. 507; see also *In re Pennsylvania Co.,* 137 U. S. 451, 453; *Employers Corp.* v. *Bryant,* 299 U. S. 374, 378.   After the right of appeal from such an order was conferred in all removal cases by § 5 of the Act of 1875, the question arose whether there could be review by mandamus of an order denying a motion to remand.   This was answered in the negative on the ground that the right to appeal given by the 1875 Act was limited to orders of remand.   Hence resort could not be had to mandamus to perform the office of a writ of error which Congress had withheld in the case of an order denying remand.   *Ex parte Hoard,* 105 U. S. 578; *Ex parte Harding,* 219 U. S. 363; *Ex parte Roe,* 234 U. S. 70.   In all these cases it was pointed out that the mode of review of an order denying remand is by appeal from the final judgment in the suit in which the remand is denied.

But it is urged that the mere failure of the 1926 Act to confer on the Government a right of appeal from an order of remand should not preclude review by mandamus, since, unlike the case where the district court refuses to remand, an order denying the right to have the removed cause tried in the district court could not otherwise be reviewed in the federal courts.   But this argument presupposes that the provisions of the 1887 Act, prohibiting appeals from orders of remand, and directing the immediate execution of such orders, do not apply to causes removed from the state courts under the Act of 1926, a supposition which disregards the plain purport of the words of the 1887 statute, and its legislative history.

Section 5 of the Judiciary Act of 1875, which, for the first time, authorized review of an order of remand by writ of error or appeal, was, by its terms, made applicable generally to "any suit" removed from a state court to a federal circuit (now district) court.   It authorized the circuit court to remand the cause for want of juris-

diction, and provided that the order of remand should be reviewable by appeal. This section was repealed by § 6 of the 1887 Act, and § 2 of that Act substituted for the repealed provision governing appeals, a new provision, which was in terms likewise extended to orders of remand "whenever any cause shall be removed from any State court". Section 6, together with this substituted provision, explicitly withdrew the right of appeal and writ of error in all cases in which it had been previously allowed by § 5, that is, in all cases removed from state courts under any statute authorizing removal. See *Employers Corp.* v. *Bryant, supra,* 380–1.

Section 2 of the Act of 1887 thus expressly denied review by appeal or writ of error from orders of remand which had previously been allowed by § 5 of the Act of 1875 in all cases removed from state courts, but which before that Act had been deemed not to be appealable because not final orders. But § 2 also coupled with this prohibition the direction, made applicable in every case removed from a state court, that "such remand shall be immediately carried into execution". Reading and construing these provisions together, this Court has consistently held, and it is no longer open to doubt, that an order remanding a cause which is subject to the prohibition against appeals of § 2 cannot be reviewed by mandamus. *In re Pennsylvania Co., supra; Employers Corp.* v. *Bryant, supra.*

Congress, by the adoption of these provisions, as thus construed, established the policy of not permitting interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed. This was accomplished by denying any form of review of an order of remand, and, before final judgment, of an order denying remand. In the former case, Congress has directed that upon the remand the litigation should proceed in the state

court from which the cause was removed. It may be arguable, as a matter of policy, that in giving the Government the right to intervene and remove a cause from a state court, it should also have been given the right, not allowed to private litigants, to have orders of remand reviewed in the appellate courts. But the Congressional policy of avoiding interruption of the litigation of the merits of removed causes, properly begun in state courts, is as pertinent to those removed by the United States as by any other suitor, see *United States* v. *California, supra,* 186, and we think it plain that the Act of 1926 did not confer any such right of review, and that the Act of 1887 intended to withhold it in all cases of removal from state courts.

As we have already indicated, and as the legislative history shows, these provisions of the Act of 1887 were intended to be applicable not only to remand orders made in suits removed under the Act of 1887, but to orders of remand made in cases removed under any other statutes, as well. *Cole* v. *Garland,* 107 F. 759, dismissed on appeal 183 U. S. 693, approved in *Gay* v. *Ruff,* 292 U. S. 25, 29, n. 5; see also *Employers Corp.* v. *Bryant, supra,* 380–1. It was so held with respect to the Act of 1926 in *United States* v. *Fixico,* 115 F. 2d 389.

Nothing in the Act of 1926 purports to impair or restrict the application of § 2 of the 1887 Act, thus construed, to orders of remand made under 28 U. S. C., § 80, in cases removed under the 1926 Act. Congress, in enacting the 1926 Act, not only failed to include in it any provision modifying what had been for forty years the established practice of denying review of orders remanding causes removed from state courts, but it must be taken to have been aware of the universality of that practice, and to have been content that, as established by the 1887 Act, it should apply to cases removed under the 1926 Act. Statutory

language and objective, thus appearing with reasonable clarity, are not to be overcome by resort to a mechanical rule of construction, whose function is not to create doubts, but to resolve them when the real issue or statutory purpose is otherwise obscure. *United States* v. *California, supra,* 186.

The certified question will be answered "No", and the Government's motion that we order up the entire record may accordingly be denied.

*So ordered.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK and MR. JUSTICE RUTLEDGE concur, dissenting.

The Act of April 12, 1926, 44 Stat. 239, has two main purposes. It provides the machinery for bringing in the United States where the property interests of a restricted Indian of the Five Civilized Tribes are being litigated in either the federal or the state courts. This was done so that all interested parties might be concluded by one proceeding and titles to these Indian lands stabilized.[1] H. Rep. No. 322, 69th Cong., 1st Sess., p. 2. In case the proceeding is brought in a state court, the United States is given "the right to remove" the suit to the federal court by filing in the state court a petition for removal. The Act provides that when such petition is filed it shall be "the duty of the State court to accept such petition and proceed no further in said suit." The right to remove is unquali-

---

[1] Prior to the 1926 Act the United States could not be bound by a proceeding affecting restricted Indian lands. After the matter had been litigated, the United States could still institute an independent suit and annul the prior decree entered in the suit to which it was not a party. *Sunderland* v. *United States,* 266 U. S. 226.

fied. It rests in the sole discretion of the United States, which is given the choice of the forum. As stated in the House Report, *supra*, p. 2:

"Section 3 provides only where the interest of a restricted Indian of the Five Civilized Tribes is being litigated in the State courts that service may be had upon the Government and the Government is given the right to chose [*sic*] the forum in which the suit may be tried and may transfer such case to the United States district court upon motion in the event that the Government chooses to do so."

But it is said that this special Act, passed in 1926, is governed by the general removal Act of March 3, 1887, 24 Stat. 552, Judicial Code § 28, 28 U. S. C. § 71, which disallows appeals from orders remanding causes removed from state courts. I do not agree.

(1) The 1926 Act contains none of the qualifications written into the general removal acts.

(2) The 1926 Act is an independent statute dealing with a highly specialized problem and limited as to parties and subject matter. The mischief at which the general removal acts were aimed is not present here. They were concerned with eliminating litigious interruptions of private litigation by prolonged disputes over the jurisdiction of the court to which the cause was removed. But the United States is not in a position of a private litigant. The United States has a special function to perform in these Indian cases. It represents the public interest. *Heckman* v. *United States*, 224 U. S. 413, 437–444. It alone is given the "right to remove". If the cause is remanded, it alone can seek review. It should be remembered that the 1926 Act provides a procedure whereby the United States can be bound by a suit instituted by another. It is fair to infer that when the United States was subjected to that risk, Congress intended that it should have a right, if it so elected, to have the cause heard and de-

termined by its own courts. The "right to chose [sic] the forum in which the suit may be tried" (H. Rep., supra) can hardly have any other meaning.

(3) The 1887 Act in its operation was not applicable to the United States. It provided for removal by defendants. They alone could remove. The right of removal was therefore not available to the United States. It could not be a defendant in a state court, since it had not consented to be sued there. That was well settled at the time. For in 1896 the Court stated, "The United States, by various acts of Congress, have consented to be sued in their own courts in certain classes of cases; but they have never consented to be sued in the courts of a State in any case." Stanley v. Schwalby, 162 U. S. 255, 270. It seems clear then that the prohibition against review of orders of remand contained in the 1887 Act was not aimed at the United States. I think, therefore, that it should require an explicit provision in the 1926 Act to conclude that the United States was now to be bound by an Act heretofore inapplicable to it. It has long been held that if the United States is to be deprived of a right or a remedy by the general terms of a statute, "the language must be clear and specific to that effect." United States v. Stevenson, 215 U. S. 190, 197; United States v. American Bell Tel. Co., 159 U. S. 548, 554; United States v. Herron, 20 Wall. 251, 263; Dollar Savings Bank v. United States, 19 Wall. 227, 239. This seems to me to be a clear case for the application of that rule.

If Congress had said that orders of remand under the 1926 Act should not be reviewed, mandamus of course would not lie. But since there is no such prohibition, mandamus is available to compel the District Court to perform its duty. Railroad Co. v. Wiswall, 23 Wall. 507; In re Pennsylvania Co., 137 U. S. 451, 453.