FEDERAL SAVINGS & LOAN INS. COR-PORATION v. EDISON SAVINGS & LOAN ASS'N.

Civ. 48-176.

United States District Court
S. D. New York.

April 26, 1949.

Simon H. Trevas, New York City, for plaintiff, by Kenneth G. Heisler, J. Aldrich Hall, Mose Silverman, Washington, D. C.

Beardsley & Taylor, New York City, for defendant, by Thomas H. Beardsley, John M. Keegan, Robert G. Redlefsen, New York City.

GODDARD, District Judge.

This is a motion by the plaintiff for summary judgment.

The suit is to recover $25,173.41 for premiums allegedly due under the provisions of the National Housing Act, 48 Stat. 1255, 12 U.S.C.A. § 1724 et seq.

The material facts, including the correctness of the amount demanded and the formula by which the amount is determined as such, are not in dispute and are as follows:

The plaintiff is a wholly owned government corporation engaged in the business

of insuring the accounts, to a maximum of $5,000, of members of federal savings and loan institutions and is empowered to make contracts, sue and be sued.

The defendant is a savings and loan association organized under the laws of the State of New York.

On or about February 3, 1942 the defendant filed a written application with the plaintiff for insurance coverage of the defendant's accounts pursuant to the provisions of Section 403 of the National Housing Act, 12 U.S.C.A. § 1726, and agreed in consideration of the granting of such insurance to pay premium charges as provided in Title IV of the said Act.

On June 9, 1942 the plaintiff favorably acted upon the defendant's application and accordingly insured defendant's accounts from that date until July 28, 1947, at which time notification was received by plaintiff of the voluntary termination by the defendant of its status as an insured institution, pursuant to Section 407 of the National Housing Act, 12 U.S.C.A. § 1730. The defendant had paid in semi-annual installments all annual premiums due to July 28, 1947. The plaintiff since such date has requested premiums subsequently falling due. The plaintiff maintains that the defendant as a condition to voluntarily withdrawing from the insurance fund must under Section 407 of the Act, 12 U.S.C.A. § 1730, pay the premium charges for three years from the date of termination without having its accounts covered by insurance. The defendant has refused to pay said premiums on the ground that if it does not receive coverage for the premium paid it need not and will not tender premiums. The defendant urges that to do so would be to waste corporate assets and possibly subject the management to a civil suit by its members for waste.

The defendant in its answer alleges seven separate and complete defenses which may be summarized as follows: The complaint fails to state a claim upon which relief can be granted; the failure to furnish insurance coverage for premiums allegedly due makes the contract void and unenforcible for want of consideration; since the plaintiff assumes no risk it is not lawfully entitled to premiums; since the plaintiff, after demand, refused to give insurance coverage the defendant is now relieved of any obligation to pay premiums; since the defendant ceased to be an insured institution it ceased to have any insured accounts upon which a premium could be computed under Section 404(a) of the Act, 12 U.S.C.A. § 1727(a); to require defendant to pay premiums without affording it coverage would be to deprive the defendant, its members and shareholders of property without just compensation and without due process in violation of Article V of the Amendments to the Constitution of the United States.

It is therefor evident that the prime factor for consideration is the interpretation of Section 407(a) of the National Housing Act, 12 U.S.C.A. 1730(a), which reads as follows:

"§ 1730. Termination of insurance.

"(a) Any institution which is insured under the provisions of this subchapter may, upon not less than ninety days' written notice to the Corporation, terminate its status as an insured institution upon a majority vote of its shareholders entitled to vote, or upon a majority vote of its board of directors or other similar governing body which is authorized to act for the institution. Thereupon its status as an insured institution shall immediately cease and all rights of its insured members to insurance under this subchapter shall immediately terminate; but the obligation of the institution to pay the premium charges for insurance shall continue for a period of three years after the date of such termination."

The language of the above section appears to be clear and unambiguous. An institution voluntarily withdrawing does so upon two conditions, namely—that the insurance coverage for its members or shareholders accounts ceases, and secondly, that it is obligated to pay a sum for three years

for premiums based upon a computation of its accounts as though it had never withdrawn. Under such circumstances resort to legislative history or artificial canons of construction is not necessary. Packard Motor Car Co. v. N. L. R. B., 330 U.S. 485, 492, 67 S.Ct. 789, 91 L.Ed. 1040; Brotherhood of R. Trainmen v. Baltimore & O. R. Co., 331 U.S. 519, 528, 529, 67 S.Ct. 1387, 91 L.Ed. 1646; United States v. Rice, 327 U.S. 742, 753, 66 S.Ct. 835, 90 L.Ed. 982.

The defendant has attempted to create ambiguity by dissecting parts and words of the Act and then applying various canons of construction. However, such procedure cannot create doubt in the statute where none exists. Packard Motor Car Co. v. N. L. R. B., supra; Brotherhood of R. Trainmen v. Baltimore & O. R. Co., supra.

As appears from the Congressional Hearing on the Bill and the attempted amendments, the requirement as to an institution voluntarily withdrawing to pay premiums without coverage was inserted as an economical device to stabilize the insurance fund for the protection of institutions remaining in the system.

The defendant's suggestions that the Section cannot be so read because it would create an inconsistency in that Section 407(a) provides for payment of premiums after termination of insurance coverage and Section 404(a) calling for the calculations of premiums uses a base of "insured accounts". The defendant argues that since the defendant has no longer any "insured accounts" the premium to be paid, as calculated by Section 404(a) is zero. The defendant's contention if adopted would produce a hollow and meaningless result. It would set at naught any required protective premium payment on withdrawal, contrary to the express purpose of the statute.

Administrative regulations adapted pursuant to Section 404(a) provide as follows: "Premiums and their uses. (a) Amount; payment. Each institution whose application for insurance is approved by the corporation shall pay to the corporation a premium charge for such insurance equal to one-eighth of one per cent of the total amount of all accounts of an insurable type plus all obligations to its creditors determined from the latest report of the insured institution filed with the corporation * * *". 24 C.R.F. 301.

The defendant does have "accounts of an insurable type" upon which a premium calculation may be based.

The sole remaining contention is that the requirement to pay premiums without affording the defendant's accounts coverage is in violation of Article V of the Amendments to the Constitution of the United States.

The contract under consideration cannot be isolated from the statute nor can it be isolated from its place as part of an economical system set up by Congress for the benefit of the people as a whole. The defendant knew or should have known of the provisions of the statute and the corresponding rules and regulations issued therein. It voluntarily agreed to the provisions both as to entering into the system and as to voluntarily withdrawing. The defendant having sought and accepted the benefits of the Act it may not now attack its provisions as unconstitutional. Fahey v. Malonee, 332 U.S. 245, 255, 67 S.Ct. 1552, 91 L.Ed. 2030; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 348, 56 S.Ct. 466, 80 L.Ed. 688.

The provisions inserted by Congress as a condition to voluntarily withdrawing is an exercise by Congress of power similar to that exercised by the States. See Veix v. Sixth Ward Ass'n, 310 U.S. 32, 60 S.Ct. 792, 84 L.Ed. 1061; East New York Sav. Bank v. Hahn, 326 U.S. 230, 66 S.Ct. 69, 90 L.Ed. 34, 160 A.L.R. 1279. The conditions imposed upon withdrawal may seem unduly burdensome, but I see no escape from the conditions which the defendant accepted.

The motion for summary judgment is accordingly granted.

Settle order on notice.