267 F.2d 849
 In re BEAR RIVER DRAINAGE DISTRICT.
In the matter of the general determination of all the rights to the use of water, both surface and underground, within the drainage area of the Bear River and all its tributaries in Utah.
 Misc. No. 3.
 United States Court of Appeals Tenth Circuit.
 June 5, 1959.
 
 Perry W. Morton, Asst. Atty. Gen., A. Pratt Kesler, U.S. Atty., Salt Lake City, Utah, David R. Warner and Alfred H. O. Boudreau, Jr., Attorneys, Department of Justice, Washington, D. C., for applicant.
 E. R. Callister, Atty. Gen., for the State of Utah, Robert B. Porter and Richard R. Boyle, Asst. Attys. Gen., for the State of Utah, for opponent.
 Before BRATTON, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 The United States has applied for the authorization of an interlocutory appeal under 28 U.S.C. § 1292(b).
 
 
 2
 The State Engineer of Utah instituted proceedings in the district court of Cache County, Utah, to adjudicate rights to the use of all the waters within the Bear River drainage in Utah. Pursuant to 43 U.S.C.A. § 666, a summons was served upon a representative of the Attorney General of the United States. On petition of the United States the case was removed to the United States District Court for the District of Utah. The State Engineer moved to remand and the United States moved to dismiss. Relying upon its opinion in a comparable case, In re Green River Drainage Area, D.C., 147 F.Supp. 127, the district court denied the motion to dismiss and remanded the case and in its order taking such action made the statement required by § 1292(b). The controlling question of law was phrased thus:
 
 
 3
 "Is suit against the United States authorized under the circumstances of this case by 43 U.S.C. § 666?"
 
 
 4
 In its former opinion the court held that 43 U.S.C.A. § 666 was a consent to suit in such a case and that the United States did not have the right to remove to federal court because in the then status of the case the United States District Court did not have original jurisdiction.[1] As the court acted in reliance on that opinion it must have reached the same conclusions in the pending case.
 
 
 5
 An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise.[2] While the generality of § 1292(b) might seem sufficient to encompass a remand order, it does not expressly either amend or repeal § 1447(d). Repeals by implication are not favored.[3] The intention of Congress to repeal, modify or supersede must be clear and manifest.[4] The earlier statute, § 1447(d), applies specially to prohibit appeals from remand orders. The later statute, § 1292 (b), applies generally to "a civil action" in which "an order not otherwise appealable under this section" is made. As there is no express repeal or absolute incompatibility, the presumption is that the special statute is intended to remain in force.[5] We are convinced that by the enactment of § 1292(b) Congress did not intend to abandon the long established policy expressed in § 1447(d).[6]
 
 
 6
 The United States seeks to avoid the effect of § 1447(d) by asserting that its application is confined solely to the ruling of the district court that suit against the United States is authorized by 43 U.S.C.A. § 666. The difficulty is that if the application for interlocutory appeal is granted, a ruling on this issue will avail nothing as the remand order stands effective. The remand, right or wrong, left the district court without jurisdiction over the cause. The procedural difficulty is apparent. A court which held itself to be without jurisdiction attempted to decide contemporaneously a controlling element of the cause.
 
 
 7
 In brief the situation was this. The United States removed on the ground that the case was properly triable in federal court.[7] The district court was then confronted with two motions, one by the State Engineer to remand and one by the United States to dismiss on the ground of sovereign immunity. While the questions involved in the two motions were necessarily related, the better practice would have been to rule first on the motion to remand and if granted to have sent the motion to dismiss back to the state court.[8] As the remand left the district court without jurisdiction, an appeal to the court of appeals is a futile thing.[9]
 
 
 8
 A remand order is not subject to review either directly or indirectly.[10] As said in United States v. Rice, supra, 327 U.S. at page 749, 66 S.Ct. at page 838:
 
 
 9
 "Each loses, by the order, such right as there may be to litigate the case in the federal courts on removal, but both retain such rights as they may have to continue the litigation in the state court or to bring an independent suit in the federal courts."
 
 
 10
 In the circumstances there is nothing properly before us for review. The application for interlocutory appeal is denied.
 
 
 
 Notes:
 
 
 [1]
 147 F.Supp. 134, 149
 
 
 [2]
 28 U.S.C. § 1447(d); United States v. Rice, 327 U.S. 742, 66 S.Ct. 835, 90 L. Ed. 982
 
 
 [3]
 Rosenberg v. United States, 346 U.S. 273, 73 S.Ct. 1152, 97 L.Ed. 1607; United States Alkali Export Association, Inc., v. United States, 325 U.S. 196, 209, 65 S.Ct. 1120, 89 L.Ed. 1554
 
 
 [4]
 City of Tulsa, Okl. v. Midland Valley R. Co., 10 Cir., 168 F.2d 252, 254, and see United States v. Borden Co., 308 U.S. 188, 198, 60 S.Ct. 182, 84 L.Ed. 181
 
 
 [5]
 United States v. Burroughs, 289 U.S. 159, 164, 53 S.Ct. 574, 77 L.Ed. 1096; Town of Okemah, Okl. v. United States, 10 Cir., 140 F.2d 963, 965
 
 
 [6]
 See United States v. Rice, supra, 327 U.S. at pages 748-752, 66 S.Ct. at page 837
 
 
 [7]
 We do not have the petition for removal before us and hence cannot say what was the statutory basis for the petition of the United States
 
 
 [8]
 Marchant v. Mead-Morrison Mfg. Co., 2 Cir., 11 F.2d 368, 369
 
 
 [9]
 Hammond Hotel & Improvement Co. v. Finlayson, 7 Cir., 6 F.2d 446, 447
 
 
 [10]
 Pacific Live Stock Company v. Lewis, 241 U.S. 440, 447, 36 S.Ct. 637, 60 L. Ed. 1084