278 F.2d 713
 Matter of the Application of ROSENTHAL-BLOCK CHINA CORPORATION et al., for an order restraining certain arbitrations attempted to be had by Rosenthal-Porzellan Aktiengesellschaft, et al., etc., before the Arbitration Tribunal of the American Arbitration Association.
Matter of the Application of Raymond LOEWY et al., for an order restraining certain arbitration attempted to be had by Rosenthal-Porzellan Aktiengesellschaft, et al., before the Arbitration Tribunal of the American Arbitration Association, etc.
 United States Court of Appeals Second Circuit.
 Motion Argued April 19, 1960.
 Decided April 20, 1960.
 
 Spiro, Felstiner & Prager, New York City, for Rosenthal-Porzellan Aktiengesellschaft et al.
 Weisman, Celler, Allan, Spett & Sheinberg, New York City, for Steelmasters, Inc., Julius Block et al.
 Allan D. Emil, New York City, for Raymond Loewy et al.
 Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Rosenthal-Block China Corporation.
 Before LUMBARD, Chief Judge.
 LUMBARD, Chief Judge.
 
 
 1
 Movant, Rosenthal-Porzellan Aktiengesellschaft (Rosenthal), requests the stay of an order of Judge Dimock, D.C., 659 F.Supp. 183, remanding to the New York Supreme Court a suit brought in the state court by respondents to enjoin arbitration of a contract between the parties and removed to a federal court by Rosenthal. The motion presents the question whether a federal court of appeals should stay an order remanding a removed proceeding to a state court in spite of the prohibitions of § 1447(d) and § 2283 of the Judicial Code, 28 U.S.C. Having due regard for the policies behind § 1447(d) and § 2283 and recognizing that a stay is in no way necessary to preserve the jurisdiction of the federal court in an independent proceeding brought by movant to compel arbitration of the same controversy, I deny the stay.
 
 
 2
 On January 22, 1960 Rosenthal wrote to the respondents requesting arbitration in accordance with a provision of the contract between them. Thereafter respondents by an order to show cause obtained a temporary stay of arbitration from the New York Supreme Court. Prior to the return date of the show cause order, Rosenthal petitioned for removal of the action to the federal district court, alleging federal jurisdiction based upon diversity of citizenship and also upon the United States Arbitration Act, 9 U.S.C. §§ 1-14. Respondents moved to remand the proceeding to the state court. On the same day as respondents made their motion, Rosenthal commenced an independent proceeding in the federal court to compel arbitration of the contract. Both proceedings came on for hearing before Judge Dimock who ordered remand of the removed proceeding for reasons not here relevant and declined to take any action in the petition to compel arbitration. Thereupon, Rosenthal brought a petition for a writ of mandamus in this Court directed to Judge Dimock to require him to decide the petition to compel arbitration without waiting for a disposition by the state court of the remanded action. The petition for mandamus has not yet come before this Court for hearing.
 
 
 3
 Movant asserts that unless Judge Dimock's order of remand is now stayed, it will be deprived of its federal rights under the United States Arbitration Act, since, movant asserts, these rights may only be enforced in a federal court. Without in any way expressing an opinion on the merits of this proposition, it is clear to me that I should decline to exercise my discretionary power to grant a stay.
 
 
 4
 Section 1447(d) of the Judicial Code states that "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The section expresses a long respected policy of Congress, which had its origins in the Judiciary Act of 1887, 24 Stat. 552. "Congress," the Supreme Court has said, "by the adoption of these provisions * * * established the policy of not permitting interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed." United States v. Rice, 1946, 327 U.S. 742, 751, 66 S.Ct. 835, 839, 90 L.Ed. 982. This policy has been furthered not only by the refusal of the appellate courts to hear appeals from orders of remand, see Railroad Co. v. Wiswall, 1875, 23 Wall. 507, 23 L.Ed. 103, but also by their refusal to entertain a petition for mandamus to review such an order, see United States v. Rice, supra, or to allow appeal under the interlocutory appeals statute, 28 U.S.C. § 1292(b), from such an order, see In re Bear River Drainage District, 10 Cir., 1959, 267 F.2d 849. Grant of a stay of an order of remand, whether itself within the prohibition of § 1447(d) or not, is squarely in conflict with the policy of this section. Moreover, since the removal statute, 28 U.S.C. § 1441, itself in substance creates an exception to the proscription of § 2283 of the Judicial Code against federal court injunctions of state court actions, it may well be that stay of an order of remand would conflict with the policy, if not the terms, of this section as well.
 
 
 5
 A stay is not necessary to preserve the jurisdiction of the federal court over the petition of movant to compel arbitration. This independent proceeding is in no way affected by the remand. It follows from this fact that this Court's opportunity to decide whether it should issue a writ of mandamus to Judge Dimock to require him to go forward with the determination of the petition to compel arbitration is not foreclosed by remand of the injunction action to the state court.
 
 
 6
 The stay is denied.