308 F.2d 863
 Dorris J. KROMER, Administratrix of the Estate of Charles R.
Kromer, Deceased, of Ector County, Texas, and
Delbert Townsend, Appellants,
v.
John W. Mc,NABB, Appellee (two cases).
 Nos. 7072, 7046.
 United States Court of Appeals Tenth Circuit.
 Aug. 13, 1962.
 
 Merrill L. Norton, Lovington, N.M., for appellants.
 William J. Heck, Hobbs, N.M., for appellee.
 Before PHILLIPS, BREITENSTEIN and SETH, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 Complaint was filed by John W. McNabb in the District Court of Lea County, New Mexico, against Lucille T. Johnson, administratrix of the estate of Charles R. Kromer, deceased, and Delbert Townsend, for damages arising out of an automobile accident in New Mexico. The plaintiff was a passenger in one of the cars, and Charles R. Kromer who was killed in the accident was the driver of the other. The defendant Townsend was alleged to be a partner of the decedent, and the complaint was amended after removal to allege that the car was being used on partnership business. The verified complaint stated that plaintiff was a 'resident' of New Mexico and the decedent Kromer and defendant Townsend to be 'residents' of Texas. Defendant, Lucille T. Johnson, administratrix, was the secretary of plaintiff's attorney, and had petitioned the probate court of Lea County to be appointed administratrix of the estate of Kromer, a non-resident, in order that this action could be commenced against the estate in New Mexico. Presumably she is a citizen of New Mexico.
 
 
 2
 Defendant Townsend appeared specially to remove the case to the United States District Court and the case was so removed before answer was filed. The parties then stipulated, among other things, that Dorris J. Kromer, appointed by the county court of Ector County, Texas, as administratrix of the estate of Charles R. Kromer, and Delbert Townsend be named defendants; that they were 'residents' of Texas, and that Lucille Johnson be 'discharged' and 'replaced' as a defendant by Dorris J. Kromer, administratrix. General appearances were made by defendants Townsend and Kromer. The United States District Court entered an order on the stipulation which recited, among other things, that there was diversity because plaintiff was a New Mexico 'resident' and defendants were 'residents' of Texas.
 
 
 3
 Defendants filed answer and counterclaim in the United States District Court on September 14, 1961, to which a reply was filed.
 
 
 4
 Thereafter defendants filed a motion (served March 8, 1962) for dismissal of the cause 'for lack of diversity.' This motion to dismiss recites that the plaintiff is a resident and citizen of Texas (as are the defendants) and not of New Mexico, as plaintiff originally alleged, and further that he was a Texas citizen at the time the complaint was filed.
 
 
 5
 To this motion to dismiss, the plaintiff filed a 'response' in which he agrees the court has no jurisdiction because diversity does not now exist nor did it at the time the case was removed, and asks that the case be remanded. Defendants filed a 'response' to plaintiff's motion in which they set forth reasons why the case should not be remanded and urge instead that it be dismissed.
 
 
 6
 Thus all parties agree that diversity does not exist, nor did it exist at removal, the difference in their contentions being whether the case be dismissed or remanded. The matter is before this court on an appeal from the order of the United States District Court, denying defendants' motion to dismiss (Case No. 7072), with which has been consolidated defendants' original proceeding in this court (Case No. 7046) entitled 'Application for Stay of Proceedings or in the Alternative a Writ of Prohibition to Allow Appeal of District Court Order Denying Motion to Dismiss.' Appellants did not proceed under 28 U.S.C. 1292(b).
 
 
 7
 The denial of defendants' motion to dismiss was contained in the same order of the trial court which remanded the case. The court then had before it two motions, plaintiff's motion to remand and defendants' motion to dismiss; both were based upon the same ground-- lack of diversity. Whether one motion was filed before the other as appellant argues is not significant as the court disposed of both at the same time. The court decided it had no jurisdiction and that the case should be returned to the state court.
 
 
 8
 The remand to the state court is complained of by appellants and they urge here, as they did before the trial court, that a remand was not proper because: (1) There was in effect a new suit in the federal court since additional parties were added after removal, and there was added by plaintiff after removal the issue as to whether the car involved in the accident was on partnership business. (2) Plaintiff took inconsistent positions as to his citizenship in his pleadings. (3) Plaintiff is estopped because he initially asserted he was a citizen of New Mexico, and the case was removed on that basis. (4) Defendants have spent time and money to prepare for trial in the federal court. (5) Their motion to dismiss was first filed. (6) New proceedings are pending in a state court in Texas.
 
 
 9
 The trial court considered these arguments, ordered the case remanded for lack of diversity, and thereby held itself to be without jurisdiction; this portion of the trial court's order is not subject to review directly or indirectly. 28 U.S.C. 1447(d); In re Bear River Drainage Dist., 267 F.2d 849 (10th Cir.); United States v. Rice, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982.
 
 
 10
 As to the denial of the motion to dismiss there would seem to be little basis for an appeal in view of our comments on the remand. The appellant does however urge that the action on the motion can be considered; but in the cases presented, motions were considered only for the purpose of insuring that the remanded case was intact as to causes and parties when returned to the state court. These cases show that appellants' desired remedy of dismissal was not a proper one.
 
 
 11
 A remand order under these circumstances takes precedence and is not affected by any consideration on appeal of the trial court's disposition of concurrent motions. In re Bear River Drainage Dist., supra, this court held that when a case is so remanded it should remain intact, and suggested the better practice would be for the trial court not to dispose of other pending motions at all, but to remand with the motions pending. The Supreme Court in City of Waco, v. United States Fid. & Guar. Co., 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244, held that when a remand was ordered, the review of the trial court's disposition of a pending motion would be only to see that the case be remanded intact. The Supreme Court also held in the cited case that whether the trial court's action on the motion was right or wrong it would be changed in order that the case remain unaltered. The Court said:
 
 
 12
 'If the District Court erred on this point, which we do not decide, its action should be reversed. A reversal cannot affect the order of remand, but it will at least, if the dismissal of the petitioner's complaint was erroneous, remit the entire controversy, with the Fidelity Company still a party, to the state court for such further proceedings as may be in accordance with law.'
 
 
 13
 As stated above, In re Bear River Drainage Dist., supra, and City of Waco, Texas v. United States Fid. & Guar. Co., supra, each hold that the remand order takes precedence and that the cause and the parties should not be altered by action on pending motions. Thus in the action before us, the trial court could have taken no action on the motion to dismiss and just ordered a remand, but since the ground for both motions was the same, a disposition of one necessarily disposed of the other and the result was that the case was remanded intact.
 
 
 14
 The appellants urge that Updike v. West, 172 F.2d 663 (10th Cir.), decided by this court, leads to a different conclusion, but there the issue concerned fraudulent joinder of some of the defendants and whether it was proper to deny a motion to amend for the purpose of adding denials of the allegation as to fraudulent joinder. The trial court had denied remand. It was decided that the refusal to permit amendments was proper; consequently the fraudulent joinder allegations stood undenied. This is certainly consistent with our holding in this case.
 
 
 15
 Even if we assume that the denial of the motion to dismiss in this case is otherwise a final appealable order and even should we here assume that the remedy of dismissal for lack of diversity is an available remedy, there is nothing to appeal from since the remand takes precedence and the case was returned intact.
 
 
 16
 We have considered the authorities and the arguments relating to a review of the order of remand, and upon the appeal from the motion to dismiss. Appellants also seek in their 'stay of proceedings' to have the remand stayed or to have a writ issue to prevent the remand. These points are probably within the prohibition against the review of remand orders considered above. However, to consider the stay apart from the other points, we feel that this too is contrary to the policy and the terms of 28 U.S.C. 1447(d). Application of Rosenthal-Block China Corp., 278 F.2d 713 (2d Cir.).
 
 
 17
 In No. 7046 the application for a stay and application for leave to file a writ of prohibition are both denied, and No. 7072 is affirmed.