**MIDLAND MORTGAGE CO., Petitioner,**

v.

**Honorable Fred M. WINNER, United States District Judge for the District of Colorado, Respondent.**

**No. 75–1983.**

United States Court of Appeals, Tenth Circuit.

April 6, 1976.

Robert E. Benson and Luke J. Danielson of Holland & Hart, Denver, Colo., for petitioner.

Joel C. Davis of Dietze & Davis, Boulder, Colo., for respondent Transamerica Title Ins. Co.

Before HOLLOWAY, McWILLIAMS and DOYLE, Circuit Judges.

## MEMORANDUM ORDER

PER CURIAM.

This original action seeks a writ of mandamus commanding the respondent Judge to vacate an order of remand. We have considered the petition, together with proceedings from the Colorado Court from which the case was removed, and a memorandum in opposition to plaintiff's motion to remand and a motion for rehearing, setting out arguments and authorities of petitioner Transamerica in support of federal jurisdiction. We are satisfied that the dispositive issue of our jurisdiction is sufficiently presented by the record and thus proceed to make disposition on the petition and the response filed by Midland Mortgage Co.

The petition for mandamus alleges that the action in the Colorado Court was one which may properly be removed under 28 U.S.C. § 1441(a), since the case was one within original diversity jurisdiction conferred by 28 U.S.C. § 1332. Attached to the petition is the complaint in the Colorado suit, averring five claims for relief, all relating to a Colorado construction project for an apartment complex with related parking and recreational facilities.

Claims in the complaint need not, for our purposes, be recited in detail. They are outlined in the Memorandum Opinion sustaining the motion for remand and we need only paraphrase that outline. Petitioner Midland made a construction loan to King Investment Co. to construct the apartment complex and Transamerica issued a title policy. King issued a promissory note, and Transamerica acted as disbursing agent of the funds advanced by Midland. After King defaulted, mechanics' liens suits commenced in the Colorado courts.

Transamerica assumed defense of these suits under a reservation of rights. Transamerica's complaint was then filed in the Colorado Court asserting the five claims:

(1) Against Midland only, a declaratory judgment was sought to interpret the title insurance policy;

(2) Against Midland only a declaratory judgment claim to determine nonliability;

(3) Against Midland only, for recoupment of any sums Transamerica paid on the mechanics lien claims;

(4) Against parties not including Midland, indemnity was sought for amounts paid by Transamerica; and

(5) Against those parties not including Midland, recovery for breach of contract and misrepresentation.

After reviewing the relationship of claims, the respondent Judge concluded that the case was improperly removed because the first three claims are not separate and independent claims or causes of action from claim four and that the case was improperly removed since "although there is complete diversity between plaintiff and all defendants, several defendants are Colorado citizens and they have no right to remove from Colorado state court." The Judge then stated:

Accordingly, unless all claims made against Midland are separate and independent from claims made against Colorado citizens, there can be no removal. I have said that the first three claims are separate and independent from the fifth claim, but they are not separate and independent from the fourth claim. The removal was improper. The motion to remand is granted.

 We are convinced that the Court was clearly remanding the suit on grounds specified in 28 U.S.C. § 1447(c), namely that under the removal statutes the case "was removed improvidently and without jurisdiction," as the removal statute says. This being so, the order of remand "is not reviewable on appeal or otherwise. . . ." 28 U.S.C. § 1447(d). While a narrow exception for review on mandamus was recently recognized in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542, 44 USLW 4085, that opinion makes it clear to us that we have no jurisdiction to review the order of remand in this mandamus proceeding. We feel the Court's reasoning is clear, 423 U.S. at 351, 96 S.Ct. at 593, 46 L.Ed.2d at 554, 44 USLW at 4090:

There is no doubt that in order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues, *United States v. Rice,* 327 U.S. 742, 751, 66 S.Ct. 835, 838, 90 L.Ed. 982 (1946), Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court. But we are not convinced that Congress ever intended to extend *carte blanche* authority to district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.

We have no case like *Thermtron* where the District Court remanded because of the crowded condition of its civil docket, a ground not provided for remand in § 1447(c). Without reaching or deciding whether remand was proper in the instant case, it is sufficient to say that the Court clearly based the order of remand on grounds provided by the statute. In these circumstances, we have no jurisdiction to review that order and the petition for mandamus must be dismissed.