**BLACK & DECKER (U.S.), INC. and Home Insurance Company, Petitioners,**

v.

**Honorable Garrett E. BROWN, Jr., United States District Judge, Nominal Respondent,**

and

**Guy Bussell, Respondent.**

No. 87–5228.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 9, 1987.

Decided April 30, 1987.

Opinion on Denial of Rehearing and Rehearing In Banc May 26, 1987.

George J. Koelzer, Clarkson S. Fisher, Jr., Ober, Kaler, Grimes & Shriver, Edison, N.J., Bernard A. Leroe, Donington, Leroe, Toland & Luongo, Edison, N.J., for petitioners.

Andrew M. Rockman, E. Elizabeth Sweetzer, Pellettieri, Rabstein and Altman, Trenton, N.J., for respondent.

Before STAPLETON, MANSMANN, and GARTH, Circuit Judges.

## OPINION OF THE COURT

STAPLETON, Circuit Judge.

Subsection (c) of Section 1447 of the Removal Statute provides that if "at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...." 28 U.S.C. § 1447(c). Subsection (d) provides that, with one exception not here relevant, an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). The Supreme Court has held that the inclusion of the phrase "or otherwise" precludes review of a remand order in a proceeding like the instant one that is originated by a petition for an extraordinary writ. *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977).

The district court in this case decided to exercise the authority conferred upon it by subsection (c) and filed an opinion recording its conclusion that the case was removed from the state court "improvidently and without jurisdiction." We conclude that we are barred from reviewing that decision by subsection (d). While it is true that subsection (d) does not literally describe the situation currently before us because the district judge has not yet entered an order remanding the case, we believe it would thwart the clear Congressional intent to grant review in this proceeding. As the Supreme Court has twice noted, "in order to prevent delay in the trial of remanded cases, ... Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46

L.Ed.2d 542 (1976), (citing *United States v. Rice*, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946)). If we were to reward with appellate review a party who manages to race to the Court of Appeals before the entry of a formal remand order, we would occasion the same kind of delay in the remanded proceeding that Congress sought to avoid. We decline to do so.

The appeal will be dismissed for want of appellate jurisdiction.

GARTH, Circuit Judge, dissenting:

After the plaintiff, Bussell, had received a state court judgment against the only defendant named in the state court action (DeWalt); Bussell, by a post-verdict motion sought to join two additional defendants— Black & Decker and Home Insurance Company—so as to obtain satisfaction of the state court judgment. Bussell sought to do so by a motion entitled: "Motion for Ruling that Plaintiff is Entitled to Judgment Against Black & Decker or Home Insurance Co." Black & Decker and Home Insurance Company then petitioned to remove on the basis of diversity jurisdiction. The district court, in an opinion dated April 8, 1987, held that the motion to join two new defendants in the state court action did not constitute a "civil action" within the terms of 28 U.S.C. § 1441, that the defendants sought to be joined were real parties in interest, and that the removal was not timely.

### I.

28 U.S.C. § 1447(d) provides that "an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise ..." The instruction of the United States Supreme Court is unequivocal in holding that we are barred from reviewing a district court's *order* of remand. *See Gravitt, Executrix v. Southwestern Bell Telephone Co., et al.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1976).[1] This is so even if the district court erred, as I believe the district court here did, in its analysis and remand opinion.

---

1. To the extent that 28 U.S.C. § 1447(c) requires that a remand to state court make express reference to the original removal as having been ordered "improvidently and without jurisdiction," *see Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343–44, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1977), I suggest that the majority has misread the district court opinion which

contains no such determination or express language to that effect. Indeed, not even the district court suggests that jurisdiction is lacking, and the closest that the district court has come to holding that the removal is improvident is the district court's refusal to regard the removed proceeding as a "civil action."

However, in considering the writ of mandamus presented to us on April 9, 1987, it is undisputed that an order remanding the proceeding to the state courts of New Jersey has never been entered. An opinion has been rendered and filed—but no order implementing that opinion has ever been signed, filed or docketed. Indeed, the only order that has been entered by the district court is an order in which the district court agreed *not to enter* a remand order until April 13, 1987. Of course, by that time, this Court had stayed all further proceedings so that we could read and consider the submissions made with the petition for mandamus. Thus, absent an order of remand to the state court, the bar of § 1447(d) does not attach. The majority of this panel has failed to provide any satisfactory explanation as to why we should forego our normal and traditional appellate function when no statute requires that we do so.

### II.

I would issue the writ of mandamus, and I would hold that the proceeding was timely and properly removed, and that no reason has been presented why the parties to this controversy "should not enjoy [their] constitutional right of having [their] case tried by a court of the United States." *Bondurant v. Watson*, 103 U.S. (13 Otto) 281, 287, 26 L.Ed. 447 (1880). I therefore dissent from the majority's denial of the petitioner's writ.

### SUR DENIAL OF REHEARING

GARTH, J., dissenting.

As a Senior Circuit Judge, I voted for panel rehearing for the reasons expressed in his panel dissent and for the additional reason that this court had ample opportunity to consider the merits of the mandamus petition and was not precluded from doing so in the time prior to the entry of the order of remand.

In my panel dissent I pointed out, among other things, that when the Petition for Writ of Mandamus was presented to us on April 9, 1987, no order of remand had yet been signed, filed, or docketed. The Petition for Rehearing now reveals that the actual order of remand was not filed until May 5, 1987. Thus, regardless of reason, no order of remand was entered between April 8, 1987 and May 5, 1987.

The majority's opinion, which holds that this court is barred from reviewing a remand decision even when an order of remand has not been entered, improperly in my view, has expanded 28 U.S.C. § 1447(d) beyond all reason and meaning. This is so particularly in light of the fact that the time period between the district court's opinion filed April 8, 1987 and the subsequent remand order (almost a month) gave ample time for this court to review the merits of the mandamus petition without offending any proscriptions of § 1447(d).

I regard this issue as one of sufficient importance to warrant reconsideration by the Court.