Justice Scalia,
with whom Justice Thomas joins, dissenting.
New statutes read more clearly than 28 U. S. C. § 1447(d): “An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise____[1] That bar to appellate review is a venerable one, dating back *263 to 1887, see Thermtron Products, Inc. v. Hermansdorfer, 423 U. S. 336, 343 (1976). It is, moreover, not just hortatory; it is jurisdictional. Things Remembered, Inc. v. Petrarca, 516 U. S. 124, 127-128 (1995). Yet beginning in 1976, this Court has repeatedly eroded § 1447(d)’s mandate and expanded the Court’s jurisdiction. Today’s opinion eviscerates what little remained of Congress’s Court-limiting command.
I
The first narrowing of § 1447(d) occurred in Thermtron Products, over the dissent of Justice Rehnquist joined by Chief Justice Burger and Justice Stewart (only eight Justices sat in the case). Thermtron Products held that remand orders are reviewable if they are based on any grounds other than the mandatory ground for remand set forth in § 1447(c) — namely, that “The case was removed improvidently and without jurisdiction.’ ”[2] 423 U. S., at 342. That result followed, the Court said, because subsections (c) and (d) are “in pari materia” and “must be construed together.” Id., at 345. Thus, the unlimited phrase “[a]n order remanding a case” magically became “an order remanding a case under this section” — changing prior law, under which the Court had held that the predecessors of § 1447(d) prohibited review of all remand orders. See id., at 354-356 (Rehnquist, J., dissenting). Since, in Thermtron Products, the District Court had remanded solely because of its crowded docket, we accepted review and issued a writ of mandamus compelling reconsideration of the order. See also Quackenbush v. Allstate Ins. Co., 517 U. S. 706, 710-712 (1996) (reviewing a remand order predicated on abstention under Burford v. Sun Oil Co., 319 U. S. 315 (1943)).[3]
*264 The next phase in § 1447(d)’s erosion came just last Term, in Kircher v. Putnam Funds Trust, 547 U. S. 633 (2006). There, as here, the District Court had remanded to state court “on the ground that [it] lacked subject-matter jurisdiction on removal.” Id., at 638. That should have been the end of the matter, but it was not. The Kircher majority embarked on a searching inquiry into whether the District Court’s real reason for remand was lack of jurisdiction. See id., at 641-644. In my concurrence, I warned that “[r]eview of the sort engaged in ... threatens to defeat the purpose of § 1447(d),” which was “‘to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues.’ ” Id., at 650 (quoting Thermtron Products, supra, at 351).
“Such delay can be created just as easily by asking whether the district court correctly characterized the basis for its order as it can by asking whether that basis was correct____ Whether the District Court was right or wrong — even if it was so badly mistaken that it misunderstood the true basis for its orders — it purported to remand for lack of jurisdiction, and § 1447(d) bars any further review.” Kircher, 547 U. S., at 649-650.
Today’s opinion goes even further than Kircher. Whereas that case at least claimed to be applying our precedents, see, e. g., id., at 641-642 (majority opinion) (citing Briscoe v. Bell, 432 U. S. 404, 413-414, n. 13 (1977)), today’s opinion makes no such pretense. Having recognized, as it must, that the District Court in this case invoked § 1447(c) and remanded for lack of subject-matter jurisdiction, ante, at 235, the Court nevertheless reaches the amazing conclusion that § 1447(d) does not “contro[l]” whether the remand order is reviewable on appeal, ante, at 244.
How can that be? How can a statute explicitly eliminating appellate jurisdiction to review a remand order not “contro[l]” whether an appellate court has jurisdiction to review *265 a remand order? The Court says the answer to this riddle lies in 28 U. S. C. § 2679(d)(2). But that section says only that the Attorney General’s certification is “conclusiv[e].. . for purposes of removal” (emphasis added); it says absolutely nothing about the reviewability of remand orders. Thus, the most § 2679(d)(2) can prove is that the District Court should not have remanded the case; that its remand order was erroneous. But our precedents make abundantly clear that § 1447(d)’s appellate-review bar applies with full force to erroneous remand orders. Just last Term we acknowledged that “a remand premised on an erroneous conclusion of no jurisdiction is unappealable.” Kircher, supra, at 642. See also Thermtron Products, supra, at 343 (“If a trial judge purports to remand a case on the ground that it was removed ‘improvidently and without jurisdiction,’ his order is not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise” (quoting § 1447(c) (1970 ed.); emphasis added); Briscoe, supra, at 414, n. 13 (where a remand order is based on one of the grounds enumerated in § 1447(c), “review is unavailable no matter how plain the legal error in ordering the remand”). Today’s opinion repudiates that principle. The only basis for its holding is that § 2679(d)(2) renders the remand erroneous. This utterly novel proposition, that a remand order can be set aside when it is contrary to law, leaves nothing remaining of § 1447(d). Determination of an order’s lawfulness can only be made upon review— and it is precisely review that § 1447(d) forbids.[4]
Congress knows how to make remand orders reviewable when it wishes to do so. See, e. g., 12 U. S. C. § 1441a(Z)(3)(C) (“The Corporation may appeal any order of remand entered *266 by a United States district court”); § 1819(b)(2)(C) (same); 25 U. S. C. § 487(d) (“[T]he United States shall have the right to appeal from any order of remand in the case”). Even § 1447(d) itself exempts certain remand orders from its own appellate-review bar. See n. 1, supra. “Absent a clear statutory command to the contrary, we assume that Congress is aware of the universality of th[e] practice of denying appellate review of remand orders when Congress creates a new ground for removal.” Things Remembered, 516 U. S., at 128 (internal quotation marks omitted). As the Court recognized in Kircher, “[t]here is no such ‘clear statutory command’ here, and that silence tells us we must look to 28 U. S. C. § 1447(d) to determine the reviewability of remand orders under the Act.” 547 U. S., at 641, n. 8. Were the Court in this ease to look to § 1447(d), instead of looking for a way around § 1447(d), the answer would be abundantly clear.
II
Respondents argued that, even if the remand order is unreviewable on appeal, the District Court’s rejection of the Attorney General’s certification should be reviewable as a logically distinct determination, citing Waco v. United States Fidelity & Guaranty Co., 293 U. S. 140 (1934). See ante, at 254 (Souter, J., concurring in part and dissenting in part) (adopting this argument).
The continuing vitality of Waco is dubious in light of more recent precedents, see Kircher, supra, at 645-646, n. 13. We need not address that question here, however, since Waco is patently inapposite. There, removal had been premised on diversity jurisdiction. The District Court dismissed the party whose citizenship was alleged to supply the requisite diversity, finding that party’s joinder improper, and thus remanded the case for lack of jurisdiction. We found the dismissal order to be reviewable on appeal, even though the remand order was not. 293 U. S., at 143. But there is a *267 crucial distinction between that case and this one: In Waco, reversal of the dismissal would not have subverted the remand. There was no question that the suit would proceed in state court regardless of whether the diverse party was rightfully or wrongfully dismissed. Nowhere did the Waco Court so much as hint that the District Court might need to reexamine its remand order; to the contrary, it was clear that the remand would occur, no matter what: “If the District Court’s [dismissal] order stands, the cross-action will be no part of the case which is remanded to the state court. ... A reversal cannot affect the order of remand, but it will at least, if the dismissal of the petitioner’s complaint was erroneous, remit the entire controversy, with the [diverse party] still a party, to the state court for such further proceedings.” Id., at 143-144 (emphasis added). In other words, the remand order and the dismissal order were truly “separate orders,” id., at 142; we could review — even reverse — the dismissal order without affecting the remand or its impact on the case.
Today’s case far more closely resembles Kircher. There, the remand order had been predicated upon a finding that the cause of action was not a “covered” class-action suit as defined by the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 112 Stat. 3227, and therefore that the federal courts lacked jurisdiction. The District Court remanded so the suit could continue in state court, outside the confines of SLUSA. If the suit had been “covered,” SLUSA would have precluded the action from going forward in any court, state or federal. 15 U. S. C. § 77p(b). We therefore determined that neither the remand itself nor the determination of SLUSA inapplicability was reviewable on appeal: “The District Court’s remand order here cannot be disaggregated as the Waco orders could, and if [we were to find the suit to be covered by SLUSA], there [would be] nothing to remand to state court.” 547 U. S., at 646, n. 13. That is *268 precisely the situation in this case: The remand here is predicated upon a finding that the United States should not be substituted as a defendant under the Westfall Act. If we were to disagree with the District Court and substitute the United States as a defendant, while at the same time recognizing (as § 1447(d) requires) that there is nothing we can do about the remand order, the case would go back to state court as an action under the Federal Tort Claims Act (FTCA), see ante, at 230, and the remanded case would be styled Osborn v. United States. But the state court would have to dismiss such a case at once, since federal courts have exclusive jurisdiction over FTCA suits. 28 U. S. C. § 1346(b)(1). Thus, as in Kircher, but unlike Waco, the District Court’s decision on the preliminary matter — here, Westfall Act certification; in Kircher, SLUSA applicability — is inextricably intertwined with the remand order. Since that is so, there is no jurisdiction to review either determination.
* * *
In an all-too-rare effort to reduce the high cost of litigation, Congress provided that remand orders are completely unreviewable “on appeal or otherwise.” Section 1447(d) effectuated a tradeoff of sorts: Even though Congress undoubtedly recognized that some remand orders would be entered in error, it thought that, all in all, justice would better be served by allowing that small minority of cases to proceed in state courts than by subjecting every remanded case to endless rounds of forum disputes. “[B]y denying any form of review of an order of remand,” “Congress ... established the policy of not permitting interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed.” United States v. Rice, 327 U. S. 742, 751 (1946). Today, in its uncompromising pursuit of technical perfection at all costs, this Court has repealed the tradeoff. One might suggest that Congress should restore it, but it is *269 hard to imagine new statutory language accomplishing the desired result any more clearly than § 1447(d) already does.
I would vacate the Sixth Circuit’s judgment in its entirety, since that court, like this one, plainly lacked jurisdiction.

The remaining clause of § 1447(d) provides an exception that is not applicable here: “except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.”

 Section 1447(c) has since been amended, specifying as grounds for mandatory remand that “the district court lacks subject matter jurisdiction.”

 The Thermtron Products limitation upon the § 1447(d) bar to appellate review does not affect this case. As the Court recognizes, ante, at 235, the District Court was perfectly clear that its remand to state court was based on its lack of jurisdiction.

 Like the Court, I need not address whether allowing the case to remain in federal court after declining to substitute the United States as defendant would create an Article III problem. Unlike the Court, however, I choose not to address the point in dicta. See ante, at 244 (noting that “the question would arise only if” certain events take place, yet answering the question anyway).