348 F.2d 442
 KIRSTEN-SANDERS DENTAL LABORATORY, INC., a Michigan Corporation, Plaintiff-Appellant,
v.
Walter A. SAHLI, District Director, Immigration and Naturalization Service, Detroit, Michigan, and N. Ewing, Regional Commissioner, Immigration and Naturalization Service, Northwest Regional Office at St. Paul, Minnesota, Defendants-Appellees.
 No. 16101.
 United States Court of Appeals Sixth Circuit.
 July 8, 1965.
 
 George N. Bashara, Detroit, Mich., Bashara & Bashara, Detroit, Mich., on brief, for appellant.
 Howard E. O'Leary, Detroit, Mich., Lawrence Gubow, U. S. Atty., Barton W. Morris, Asst. U. S. Atty., Detroit, Mich., on brief for appellees.
 Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and MATHES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a summary judgment entered by the District Court dismissing the complaint which sought to set aside a denial by the District Director and the Regional Commissioner of Immigration and Naturalization Service of Appellant's petition filed pursuant to Section 203(a) (1) of the Immigration and Nationality Act (8 U.S.C. § 1153(a) (1) to classify Albert Papazian as an alien whose services were needed urgently in the United States, and to enjoin the deportation of the alien. A temporary order restraining deportation was granted by the District Court, which was continued in force pending the present appeal.
 
 
 2
 Papazian was a native of Turkey. He entered the United States as a visitor. When his visitation period was about to expire Appellant filed its petition with the Service to classify him as a first preference quota immigrant, stating that it desired to employ him as a dental laboratory technician. Documents were attached to the petition purporting to show that there was a shortage of dental technicians in the United States and that Papazian was highly skilled and had worked in that trade in Turkey for many years and was experienced in porcelain, acrilic and palatal prosthesis. Without investigating the merits, the District Director approved the petition for one year, conditioned upon his continuing eligibility and upon his continuing the employment specified therein. Appellant was required to notify the Service should Papazian cease his employment with it.
 
 
 3
 Papazian did not work for Appellant at any time during the year. He was ill part of the time and when he did report for work he was not employed because business was slow and his help was not needed.
 
 
 4
 Later a petition was filed by another Laboratory but was denied on the ground that Papazian's services were not urgently needed by it.
 
 
 5
 A second petition was then filed by appellant, which had since employed Papazian. Investigation revealed that he was employed only as a polisher at one dollar per hour. This position was denied on the ground that the position did not meet the criteria of high skill and urgent need contemplated by the Act. Appeal was made to the Regional Commissioner, which was dismissed.
 
 
 6
 A petition for reconsideration and reopening was filed. An additional investigation was made, and the petition was denied. Another motion to reopen and reconsider was filed and denied.
 
 
 7
 Thereafter Papazian was directed to depart from the United States. Upon his failure to depart, deportation proceedings were instituted. The Special Inquiry Officer directed that Papazian be granted the privilege of voluntary departure, in lieu of deportation, with an alternative order that if he failed to depart within the time specified, an order of deportation be entered.
 
 
 8
 Judicial review in cases of this type is limited. We have carefully reviewed the record which was before the District Court. The District Director and the Regional Commissioner were of the view that the requirements of the Act had not been met. They found that there was no urgent need in this country for services of the type Papazian was rendering for Appellant. They considered his work not as highly skilled, but as menial in character requiring very little training. Skilled technicians commanded a salary much higher than the small amount paid Papazian by Appellant.
 
 
 9
 We are of the opinion that there was a rational basis for the orders complained of and that they were supported by substantial evidence. We do not find that either the District Director or the Regional Commissioner abused his discretion in entering the orders. United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1946); Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 54 S. Ct. 692, 78 L.Ed. 1260 (1934); Roumeliotis v. Immigration & Naturalization Service, 304 F.2d 453 (C.A. 7, 1962).
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Sitting by designation from the United States District Court, for the Southern District of California