**Yee CHIEN WOO, Plaintiff-Appellee,**

**v.**

**George K. ROSENBERG, District Director, Immigration and Naturalization Service, Defendant-Appellant.**

**No. 24334.**

United States Court of Appeals
Ninth Circuit.

Dec. 18, 1969.

Joseph Sureck (argued), Reg. Counsel INS, San Pedro, Cal.; Edwin L. Miller, Jr., U. S. Atty., Raymond F. Zvetina, Asst. U. S. Atty., San Diego, Cal., for appellant.

Gordon G. Dale (argued), Gould & Dale, Santa Ana, Cal., for appellee.

Before MERRILL and TRASK, Circuit Judges, and BYRNE, District Judge*.

MERRILL, Circuit Judge:

This appeal presents the question whether an alien, otherwise entitled as a refugee to "Seventh Preference" treatment under § 203(a) (7) of the Immigration and Nationality Act,[1] may be

---

* Hon. William M. Byrne, United States District Judge for the District of Central California, sitting by designation.

1. 8 U.S.C. § 1153(a) (7) added to the Immigration and Nationality Act by the Act of October 3, 1965 (79 Stat. 911), reads as follows:

   "Aliens, who are subject to the numerical limitations specified in section 1151(a) of this title shall be allotted visas or their conditional entry authorized, as the case may be, as follows:

   * * * * *

   (7) Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 per centum of the number specified in section 1151(a) (ii) of

denied such treatment on the ground that he had become firmly resettled elsewhere and that his entry into the United States was not therefore emergent.

Appellee is a native of Shanghai, China. In 1952 his substantial business and financial holdings were confiscated by the Communist Government. He sought and was granted permission to leave Communist China for a foreign visit with the understanding that he would return. In 1953 he went to Hong Kong and has never returned to Communist China.

In Hong Kong he started a business under the name of Harry Woo Trading Company, taking orders for merchandise and clothing. He was married and a son was born. In 1959 he was admitted to the United States temporarily as a visitor for business purposes, to operate a concession at the International World's Fair in Portland, Oregon. He returned to Hong Kong later that year. On May 22, 1960, he made his second entry into the United States as a business visitor in connection with the San Diego Fair and International Trade Mart. He has never since left the United States. His temporary stay expired March, 1966. By this time he had been joined by his wife and child, who had entered Canada and had been admitted to the United States from Canada as visitors for pleasure. Deportation proceedings were commenced upon his failure to depart. On March 8, 1966, he and his family were granted voluntary departure. They failed to depart. Also on March 8, 1966, appellee applied for classification as a refugee under § 203(a) (7). He has expressed opposition to communism and believes that should he return to Communist China he would be persecuted as a member of the capitalist class. However, he possesses a valid Hong Kong Certificate of Identity which is sufficient documentation to permit his return to Hong Kong. His application was denied by the District Director, Los Angeles, and that decision was affirmed by the Regional Commissioner, San Pedro, California. The Regional Commissioner held that "Congress did not intend that an alien, though formerly a refugee, who had established roots or acquired a residence in a country other than the one from which he fled would again be considered a refugee for the purpose of gaining entry into and or subsequently acquiring status as a resident in this, the third country," citing Matter of Sun, 12 I & N Dec. 36 (1966). The Regional Commissioner concluded that appellee is in possession of a document that permits him to return and reside in Hong Kong; consequently, that he had not established his inability to return to *Hong Kong,* or that he is unable to return thereto on account of race, religion or political opinion.

Upon denial of his application appellee brought the instant suit for declaratory judgment under 28 U.S.C. § 2201. The District Court ruled that he was entitled on the facts to the benefits of § 203(a) (7), regardless of the applicability of the "firmly resettled" criterion. The Service has taken this appeal.

We hold that § 203(a) (7) does not require, as a condition precedent to condi-

this title, to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area * * * and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; or (B) that they are persons uprooted by catastrophic natural calamity as defined by the President who are unable to return to their usual place of abode * * * *Provided,* That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status."

tional entry, that the alien be "not firmly resettled elsewhere."

The nature of the relationship of the refugee to an intermediate host country to which he has fled from his home country and in which he has found temporary asylum is a necessary consideration under this and prior refugee relief acts.

In the Displaced Persons Act of June 25, 1948 (62 Stat. 1009), Congress excluded those who, after fleeing from their home countries, had been received for "permanent residence" elsewhere. In the Refugee Relief Act of August 7, 1953 (67 Stat. 400), Congress included as a condition precedent the fact that the refugee was "not firmly resettled" elsewhere. In the Refugee Act of September 11, 1957 (71 Stat. 639), however, these words were omitted and the phrase "not a national" (of the intermediate country) was substituted. This substituted language was repeated in the Fair Share Refugee Act of July 14, 1960 (74 Stat. 504, 505), and also in the Refugee Assistance Act of June 28, 1962 (76 Stat. 121). It was repeated again in the act now before us.

Whether appellee was firmly resettled in Hong Kong is not, then, relevant. What is relevant is that he is not a national of Hong Kong (or the United Kingdom); that he is a national of no country but Communist China and as a refugee from that country remains stateless.

The Service insists that Congress cannot have intended that "once a refugee always a refugee"; that this "literally would make thousands upon thousands of aliens, formerly refugees and now firmly resettled in host countries eligible to apply for conditional entry." But Congress appears to have met this possibility by specifically limiting the number of those who can claim conditional entry under the "Seventh Preference." In any event we cannot disregard the clear manifestation of congressional intent shown by the substitution, in 1957, of the status "not a national" for that of "not firmly resettled" as formerly speci-fied in the 1953 Act. Nothing in the legislative history advanced by appellant persuades us that Congress intended this substituted language to mean anything but what it clearly says. See United States v. Public Utilities Comm., 345 U.S. 295, 315, 73 S.Ct. 706, 97 L.Ed. 1020 (1953); United States v. Rice, 327 U.S. 742, 752–753, 66 S.Ct. 835, 90 L.Ed. 982 (1946).

Judgment affirmed.