**YEE CHIEN WOO, Plaintiff-Appellee,**

v.

**George K. ROSENBERG, District Director, Immigration and Naturalization Service, Defendant-Appellant.**

No. 24334.

United States Court of Appeals, Ninth Circuit.

July 1, 1971.

Joseph Sureck (argued), Regional Counsel of INS, San Diego, Cal., Edwin L. Miller, Jr., U. S. Atty., Raymond F. Zvetina, Frederick B. Holoboff, Asst. U. S. Attys., San Diego, Cal., for defendant-appellant.

Gordon G. Dale (argued), of Gould & Dale, Santa Ana, Cal., for plaintiff-appellee.

Before MERRILL and TRASK, Circuit Judges, and BYRNE, District Judge*.

MERRILL, Circuit Judge:

This case has been remanded to this court following reversal of our earlier decision, Yee Chien Woo v. Rosenberg, 419 F.2d 252 (9th Cir. 1969). Appellee sought "Seventh Preference" treatment as a refugee under § 203(a) (7) of the Immigration and Nationality Act, 8 U. S.C. § 1153(a) (7). We held that since appellee was a national of no country but Communist China, he was entitled to Seventh Preference classification notwithstanding the fact that he may have become firmly resettled in Hong Kong following his flight from China.

The Supreme Court, in Rosenberg v. Yee Chien Woo, 402 U.S. 49, 91 S.Ct. 1312, 28 L.Ed.2d 592 (1971), reversed upon this point and remanded in order that we might review, under the legal test and appropriate standards set out by the Court, the District Court's findings that appellee had never firmly resettled in Hong Kong.

The facts of appellee's resettlement are set forth in our earlier opinion, 419 F.2d at page 253. Upon these facts the Immigration and Naturalization Service, in denying appellee a preference classification, found that he had firmly resettled in Hong Kong. The District Court reached the opposite result.

With reference to standards for determining resettlement, the Supreme Court stated, 402 U.S. 56, 57, 91 S.Ct. 1316–17:

"The District Director applied the correct legal standard when he determined that § 203(a) (7) requires that 'physical presence in the United States [be] a consequence of an alien's flight in search of refuge,' and further that 'the physical presence must be one which is reasonably proximate to the flight and not one following a flight remote in point of time or intervening residence in a third country reasonably constituting a termination of the original flight in search of refuge.'"

With reference to legislation upon which we had relied, the Court stated, 402 U.S. 56, 91 S.Ct. 1316.

"It was never intended to open the United States to refugees who had found shelter in another nation and had begun to build new lives."

In reviewing the denial of a preference classification, the courts are

* Honorable William M. Byrne, United States District Judge for the Central District of California, sitting by designation.

limited to the determination of whether there has been an abuse of discretion. *See* Dong Yup Lee v. United States Immigration and Naturalization Service, 407 F.2d 1110, 1113 (9th Cir. 1969); Kirsten-Sanders Dental Laboratory, Inc. v. Sahli, 348 F.2d 442, 444 (6th Cir. 1965). The Supreme Court has established that the Immigration and Naturalization Service applied the proper standards. The finding of the Service that appellee had firmly resettled in Hong Kong was not lacking in rational explanation and cannot be held to be without substantial support in the record. Accordingly, the District Director's ruling did not constitute an abuse of discretion and should have been accepted by the District Court.

Reversed.