MATTER OF KWAN

In Section 203(a)(7) Proceedings

A-14649007

*Decided by Regional Commissioner December 10, 1973*

Under the Hong Kong Immigration Ordinance (Cap. 115), effective April 1,
1972, a Chinese alien who has had 7 years' continuous "ordinary residence" in
Hong Kong prior to that date is a "chinese resident" of Hong Kong. Since such
an alien is considered to have permanent resident status in Hong Kong and to
be firmly resettled therein, applicant, who resided in Hong Kong between 1954
and 1967, has been firmly resettled in another country and, therefore, is
ineligible for classification as a refugee under the provisions of section
203(a)(7) of the Immigration and Nationality Act, as amended.*

ON BEHALF OF APPLICANT:   John F. Sheffield
                          Attorney at Law
                          412 West Sixth Street, Room 1401
                          Los Angeles, California 90014

This case is before the Regional Commissioner on certification
by the District Director, Los Angeles, who found the applicant,
having been firmly resettled in Hong Kong prior to his arrival in
the United States, was not eligible for classfication as a refugee
and denied the application.

The applicant is a 25-year old single male, born in China and has
Chinese nationality. He was last admitted to the United States as
a second preference immigrant upon presentation of an immigrant
visa issued to him in that classification by the American Consulate
General in Hong Kong. The visa had been issued upon the receipt
by the consulate of an approved second preference visa petition
filed in the applicant's behalf by his alleged permanent resident
father. Subsequent to his admission as an immigrant it was
determined that the alleged father was in fact his uncle, and that
his true father had never been admitted to the United States for
lawful permanent residence. As a result of this determination,
deportation proceedings were instituted in the applicant's case,
and in those proceedings the applicant filed the application now
before us.

The record, including his sworn affidavit, establishes that in

---

*Remanded for further proceedings; *see* 396 F. Supp. 1250, 1253 (U.S.D.C., D.C.,
1975).

April 1954, when five years of age, the applicant was taken by a grandparent from China to Hong Kong where he continued to reside until his departure for the United States in August 1967. This was a total of more than thirteen years' physical residence in Hong Kong. In his sworn affidavit applicant states that in 1964 he had to register with the "Population Registration" and was given a card which he surrendered when he left Kong Kong to come to the United States.

In his application for classification for refugee status the applicant claims he fled communist China because the communists had put his mother in jail and that he was unwilling to return there because of fear of being killed.

It is recognized that China is a communist country. Even if it were conceded that the applicant had been taken from China by his grandparent to escape communist domination and that, because of fear of persecution, he is unwilling to return thereto, to qualify as a refugee the applicant must also establish that he is still a refugee and that he has not been firmly resettled in another country since being taken from China in 1954. (*Rosenberg* v. *Woo*, 402 U.S. 49 (1971); *Woo* v. *Rosenberg*, 445 F.2d 277 (C.A. 9, 1971)).

The Hong Kong Immigration Ordinance (Cap. 115), which came into effect on April 1, 1972, states illegal entry or illegal overstaying prior to that date counts as "ordinary residence," and that anyone who is an illegal Chinese immigrant who could prove seven years' continuous "ordinary residence" prior to the above date is a "Chinese resident" of Hong Kong.

The record before us establishes that the applicant resided continuously in Hong Kong for more than thirteen years, all of which were prior to April 1, 1972, the effective date of the Hong Kong Immigration Ordinance (*supra*). It is our conclusion that the thirteen years of continuous "ordinary residence" in Hong Kong accorded the applicant status as a "Chinese resident."

Service review of the provisions of the above Hong Kong Immigration Ordinance has led to the determination that a person who has been accorded or is eligible to be accorded status as a "Chinese resident" in Hong Kong enjoys the privilege and benefits of permanent residence in Hong Kong. Accordingly, such a "Chinese resident" must be regarded as having been firmly resettled in Hong Kong and, as interpreted by *Rosenberg* v. *Woo, supra,* is not eligible for classification as a refugee under section 203(a)(7) of the Immigration and Nationality Act, as amended.

Considering all the facts and circumstances of the case, we concur with the decision of the District Director. We find the applicant, prior to his arrival in the United States, was firmly resettled outside the country from which he fled, and that he is not

entitled to classification as a refugee. The decision of the District Director will be affirmed and the application denied.

**ORDER:** *It is ordered* that the denial decision of the District Director be affirmed.