MATTER OF PORTALES, et al.

In Exclusion Proceedings

A-24712281

*Decided by Board May 14, 1982*

(1) Cuban applicants, who were granted refugee status by Peru and were permitted to live and be employed without restriction in that country, are held to be firmly resettled in Peru prior to their arrival in the United States, and, therefore, not entitled to refugee status in this country.

(2) Notwithstanding the living and employment conditions experienced by the Cuban applicants in Peru, they are deemed firmly resettled in the absence of facts necessary to establish that the conditions of their residence were substantially and consciously restricted by the authorities of that country.

(3) In view of the fact that a grant of an applicant's request for asylum in the United States is limited to 1 year, subject to annual review, and may be terminated for several reasons including changed circumstances in the asylee's country, it is not significant as to the issue of resettlement that Peruvian refugee documents issued to the applicants were only valid for a 2-year period.

(4) An applicant whose request for asylum is granted does not enter the United States as a lawful permanent resident since that status is acquired, if at all, only after the alien has been physically present in the United States for at least 1 year from the date he was granted asylum.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)] — Immigrants—not in possession of valid, unexpired immigrant visas or other valid entry documents

ON BEHALF OF APPLICANTS:
Philip M. Zyne, Esquire
Walters, Costanzo, Miller & Russell
Suite 500, 330 Building
330 North Biscayne Boulevard
Miami, Florida 33132

ON BEHALF OF SERVICE:
Leonard Leopold
John C. Midanek
General Attorneys

Gerald S. Hurwitz
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated September 24, 1981, an immigration judge found the applicants excludable under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), as intending immigrants not in possession of valid immigrant visas or other valid entry documents, denied their requests for asylum and withholding of deportation, and

ordered them excluded and deported. The applicants have appealed. The appeal will be dismissed.

Applicants, eight natives and citizens of Cuba (*see* Appendix), participated in the exodus from that country in the Spring of 1980 when they flew to Peru with approximately 400 other Cubans. The applicants lived in Lima, Peru, between April 1980 and September 16, 1981, when they departed on a commercial airline for Miami, Florida, seeking admission to the United States as refugees. As the applicants did not appear to the inspecting officers to be admissible, they were detained and placed in exclusion proceedings.

At their exclusion hearing, which began on September 18, 1981, and concluded on September 24, 1981, the applicants, who were represented by counsel, conceded excludability under section 212(a)(20) of the Act, admitting that they were aliens, that it was their intent to live and work in the United States, and that they did not have immigrant visas or other valid entry documents entitling them to enter this country. The applicants were properly found excludable under section 212(a)(20) of the Act. *Matter of Castellon*, 17 I&N Dec. 616 (BIA 1981).

The applicants renewed their requests for asylum, previously denied by the District Director, with the immigration judge, claiming persecution based on political opinion.[1] Their applications (Form I-589) reflect, with one exception, that neither the applicants nor any member of their families have ever been imprisoned or otherwise persecuted in Cuba, that they have not participated in any specific acts of political expression or organizations considered hostile to the interests of the Cuban government, and that with the exception of seeking asylum at the Peruvian Embassy in Havana in April 1980, they have never been politically active or expressed opposition to the Castro regime. One of the applicants was imprisoned for 5 years, between 1966 and 1971, for expressing his opposition to Castro and the Communist Party. He continued to live and work in Cuba following his release in 1971 without further incident. All of the applicants opposed the present government in Cuba and believed that they would be imprisoned if returned to that country because they sought asylum in the Peruvian Embassy. Their applications further reflect that they were granted refugee status by Peru.

The record contains a State Department telegram from the American Embassy in Lima, Peru (Ex. 16), which states that the applicants were given nonimmigrant resident refugee status, that with this status the applicants are entitled to work, attend school, practice their religion,

---

[1] An application for asylum under section 208(a) of the Act, 8 U.S.C. 1158(a), made after the institution of exclusion or deportation proceedings shall also be considered as a request for withholding of exclusion or deportation pursuant to section 243(h) of the Act, 8 U.S.C. 1253(h). 8 C.F.R. 208. *See Matter of Rodriguez-Palma*, 17 I&N Dec. 465 (BIA 1980).

and are required to pay taxes. It states that the refugee documents issued by Peru to the applicants were valid for 2 years. The telegram further states that the applicants are still considered refugees in Peru and are returnable to Peru as such.

The applicants testified that during the 16 months they lived in Peru the government provided the Cuban refugees there, including the applicants, with tents and food, and medical services were provided on an emergency basis only. They testified that the Peruvian economy was poor, that unemployment was high, and that they were not able to find employment or afford permanent housing. The applicants admitted that they could freely travel throughout Peru and were not prohibited from seeking employment. They also admitted that the conditions under which they lived in Peru were not the result of discrimination but rather the economic conditions of that country. They stated that they made no attempts to regularize their status in Peru, that it was not their intent to permanently reside there, and that they considered themselves transients ultimately destined for the United States.

At the conclusion of the hearing, the immigration judge denied the applicants' requests for asylum and withholding of deportation. He found that the applicants had not established that they would be persecuted if returned to Cuba. He further found that they had been firmly resettled in Peru, that they had been granted asylum in that country, and that they were therefore not eligible for the requested relief.

We conclude that the applicants' requests for asylum and withholding of deportation were properly denied. An applicant for asylum under section 208(a) of the Act must show that, if deported, he would be subject to persecution based on his race, religion, nationality, membership in a particular social group, or political opinion. To meet this burden of proof, an alien must demonstrate a clear probability that he will be persecuted if returned to his country or a well-founded fear of such persecution. 8 C.F.R. 208.5. *See Matter of Dunar*, 14 I&N. Dec. 310 (BIA 1973).

The applicants have not shown that they will be persecuted if returned to Cuba. The mere assertion of persecution is not sufficient. *Matter of Castellon, supra*. The record reflects that neither applicants nor their families have been arrested, imprisoned, or otherwise persecuted in Cuba. It reflects that the applicants have not been politically active and have not participated in organizations considered hostile to the interests of the Cuban government. Although the applicants sought asylum in the Peruvian Embassy, they were issued valid passports and exit permits by the Cuban government and permitted to lawfully depart that country without incident. The only applicant who claimed that he was imprisoned for publicly expressing his opposition to the Castro regime has lived in Cuba since 1971 without further incident. We find no evidence

that the applicants were persecuted nor a clear probability that they will be if returned to Cuba.

We further conclude that the applicants, prior to their arrival in the United States, were firmly resettled in Peru and that they are not entitled to classification as refugees. An alien is deemed firmly resettled if offered permanent resettlement by another country as a consequence of his flight from persecution, unless it is established that the conditions of his residence in that country have been substantially and consciously restricted by the authorities of that country. 8 C.F.R. 207.1(b),208.8(f) (1)(ii), and 208.14. *See Rosenberg* v. *Yee Chien Woo*, 402 U.S. 49 (1971); *Matter of Lam*, Interim Decision 2857 (BIA 1981); *Matter of Kwan*, 14 I&N Dec. 499 (R.C. 1973).

The record establishes that the applicants sought asylum in the Peruvian Embassy in Havana, Cuba, and that as a result they were granted refugee status by Peru and flown out of Cuba. The Peruvian government provided the applicants with food, limited medical attention, and the only available living accommodations, a tent city. The applicants were permitted to freely travel throughout the country, were authorized to accept employment, attend school, and practice their religious preferences. They were issued refugee documents valid for 2 years. The applicants fled Cuba, claiming persecution. That claim was extinguished when they were granted refuge in Peru. Furthermore, there is no indication in the record that the Peruvian government intends to terminate the refugee status previously granted the applicants or that the refugee documents issued to them are not renewable.

The applicants argue on appeal that the living conditions they were subjected to in Peru, their inability to obtain suitable employment, and the 2-year limitation on the validity of their refugee documents clearly demonstrate that they were not firmly resettled. We disagree. The living conditions and inability to obtain employment experienced by the applicants appear related to Peru's ecomomy, rather than the conscious restriction of benefits by the authorities of that country. The applicants were authorized to accept employment and it is not clear that they exhausted existing employment opportunities. Nor is it significant that the refugee documents issued the applicants were only valid for a 2-year period. A grant of an applicant's request for asylum in the United States is limited to 1 year, subject to annual review, and may be terminated for several reasons, including changed circumstances in the asylee's country. 8 C.F.R. 208.8(e), 208.10(e),and 208.15. An applicant whose request for asylum is granted does not enter the United States as a lawful permanent resident. That status is given, if at all, only after the alien has been physically present in the United States for at least 1 year from the date he was granted asylum. 8 C.F.R. 209.1 and 209.2.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

## APPENDIX

| | |
|---|---|
| A24 712 279 | GONZALEZ, Sol Angel |
| A24 712 280 | FERNANDEZ, Jose Luis |
| A24 712 281 | PORTALES, Victor |
| A24 712 299 | MARTINEZ, Pedro Danislao |
| A24 712 300 | HERNANDEZ-Arencibia, Martha |
| A26 002 172 | PEREZ-Aguiar, Carmen Nancy |
| A26 012 882 | BARRERA-Perez, Niurka |
| A26 012 883 | BARRERA-Perez, Marialys |