78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerard KURPET, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70400.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1996.*
Decided Feb. 26, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, I & NS No. Aar-wmn-lpd.
 INS
 REVIEW DENIED.
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 ORDER
 Respondent's motion to substitute document is granted. Respondent's motion to dismiss the petition for review is denied.
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerard Kurpet petitions for review of the Board of Immigration Appeals' dismissal of his appeal from the immigration judge's denial of his motion to terminate his deportation hearing and from its finding that he was deportable as an alien convicted of possession for sale of a controlled substance pursuant to 8 U.S.C. § 1251(a)(11). We have jurisdiction, 8 U.S.C. § 1105a, and we deny the petition.
 
 
 3
 * Kurpet contends that the BIA erred in rejecting his claim of ineffective assistance of counsel. We disagree.
 
 
 4
 There is a strong presumption that an attorney's decision to concede deportability in a motion for change of venue is a reasonable tactical decision. Matter of Velasquez, 19 I & N Dec. 377, 382 (BIA 1986). Such a " 'tactical decision, even if in hindsight unwise, does not constitute ineffective assistance.' " Magallanes-Damian v. INS, 783 F.2d 931, 934 (9th Cir.1986) (quoting Rodriguez-Gonzalez v. INS, 640 F.2d 1139, 1142 (9th Cir.1981)). As nothing in the record here is to the contrary, the BIA properly rejected Kurpet's claim of ineffective assistance.
 
 II
 
 5
 Kurpet contends that the deportation proceedings against him were invalid because his status as an asylee was never terminated. It is true that the INS never terminated Kurpet's asylee status, but such termination was unnecessary because Kurpet's asylee status had already expired prior to the initiation of deportation proceedings against him.
 
 
 6
 * Congress has provided that "[t]he Attorney General shall establish a procedure for an alien ... to apply for asylum, and [that] the alien may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such alien is a refugee." 8 U.S.C. § 1158(a). Pursuant to § 1158(a), the INS promulgated 8 C.F.R. § 208.8,[1] which establishes the procedure for granting asylum: If an application for asylum is approved, "asylum status shall be granted for a period of one year from the date of approval." 8 C.F.R. § 208.8(e) (1990 ed.). This grant of asylum is limited to one year, Matter of Portales, et al., 18 I & N Dec. 239, 242 (BIA 1982), overruled on other grounds, Matter of Soleimani, Interim Dec. (BIA) 3118 (1989), but may be renewed at the end of the one-year period: "Every asylee shall be interviewed annually to determine continuing eligibility for asylum and eligibility for adjustment of status." 8 C.F.R. § 208.8(e)(1) (1990 ed.).
 
 
 7
 Kurpet contends that the regulation conflicts with 8 U.S.C. § 1158. In essence, his argument is that expiration under § 208.8(e) is a form of "termination" and that this "termination" is impermissible because, under § 1158(b), asylum may be terminated only upon a finding that the alien is no longer a refugee. See 8 U.S.C. § 1158(b) ("Asylum granted under subsection (a) of this section may be terminated if the Attorney General, pursuant to such regulations as the Attorney General may prescribe, determines that the alien is no longer a refugee ...). Assuming that § 1158(b) does limit the circumstances under which asylum may be terminated, Kurpet still fails to demonstrate how the statute limits the circumstances under which asylum can expire.
 
 
 8
 The INS has broad discretion to promulgate appropriate regulations under § 1158. Section 1158 explicitly delegates to the INS the authority to "establish a procedure ... to apply for asylum." 8 U.S.C. § 1158(a). Where Congress has made an explicit delegation, agency regulations " 'are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.' " El Rescate Legal Serv., Inc. v. Executive Office of Immigration Review, 959 F.2d 742, 748 (9th Cir.1992) (quoting Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 843-44 (1984)).
 
 
 9
 Limiting the initial grant of asylum to one year does not run afoul of El Rescate and Chevron. Conducting an annual review of an alien's status is a reasonable means of enabling the INS to determine, as permitted by § 1158(b), whether the alien remains a refugee entitled to asylum. Likewise, providing that an alien's asylum will expire unless there has been a finding of "continuing eligibility" is a reasonable means of ensuring that aliens will appear for the annual review.
 
 
 10
 Section 208.8(e)'s expiration provision is neither arbitrary and capricious nor "manifestly contrary" to § 1158.
 
 B
 
 11
 Kurpet next argues that he received neither "written notice of the intent to rescind asylum status, including the reason(s) therefor," nor "an opportunity to present evidence tending to establish that he[ ] is still a refugee ... and/or does not pose a danger to either the security of the United States or the community," as required by 8 C.F.R. § 208.15(b).[2] These procedural due process requirements are simply irrelevant; they apply only where asylum is terminated--not where, as here, asylum has expired.
 
 
 12
 Even if these requirements were applicable, Kurpet's claim still would fail because he cannot demonstrate that he was prejudiced by the agency's failure to follow the notice requirements. See Tejeda-Mata v. INS, 626 F.2d 721, 725 (9th Cir.1980) (noting that " '[v]iolation of a regulation renders a deportation unlawful only if the violation prejudiced the interests of the alien which were protected by the regulation.' ") (quoting United States v. Calderon-Medina, 591 F.2d 529, 531 (9th Cir.1979), cert. denied, 456 U.S. 994 (1982).
 
 C
 
 13
 Finally, Kurpet contends that INS regulations preclude the agency from initiating deportation proceedings against him until his asylum has been terminated. This argument fails because Kurpet's asylum expired long before the deportation proceedings commenced.
 
 
 14
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although § 208.8 was supplanted by 8 C.F.R. § 208.24 in 1990, it was in force when Kurpet sought asylum
 
 
 [2]
 Kurpet also claims that he is entitled to notice under 8 C.F.R. § 208.24(c), which came into effect after his asylee status had expired